Frances G. JENKINS, Plaintiff–Appellant,

v.

NYC TRANSIT AUTHORITY, Transport Workers Union of America of Greater New York, Local 100, Leonard Akselrod, Director of Labor Relations for the RTO Dept. of the N.Y.C. Transit Authority, Defendants–Appellees.

No. 05–2880–cv.

United States Court of Appeals, Second Circuit.

Oct. 18, 2006.

Douglas Rosenthal, The Rosenthal Law Firm, PC, New York, New York, for Plaintiff–Appellant.

Victor Levy, Office of the General Counsel, New York City Transit Authority (Richard Schoolman, on the brief), Brooklyn, New York, for Defendants–Appellees.

PRESENT: Hon. WALKER, Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant Frances Jenkins appeals from the district court's February 22, 2005, order (Barbara S. Jones, *Judge* ), dismissing on summary judgment Jenkins's claims that the New York City Transit Authority ("NYCTA") discriminated against her on the basis of race in violation of 42 U.S.C. § 1981, the New York State Human Rights Law, and the New York City Human Rights Law. On appeal, Jenkins argues that her two-step demotion to Transit Authority cleaner, rather than a one-step demotion to station agent, based on an arbitration board's recommendation that she be reassigned for disciplinary reasons to a "budgeted, non-safety sensitive position" constitutes discrimination. We assume familiarity with the facts and procedural history of this case.

To establish a claim under 42 U.S.C. § 1981, plaintiff must show that (1) she is a member of a racial minority group, (2) Defendants–Appellees intended to discriminate against her on the basis of race, and (3) this discrimination concerned one of the activities enumerated in 42 U.S.C. § 1981, *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir.1993), which include the rights to make and enforce contracts, to sue, and the right "to the full and equal benefit of all laws and proceedings for the security of persons and property," 42 U.S.C. § 1981. A plaintiff's efforts to establish the second element of a § 1981 claim are subject to the same burden-shifting analysis as intentional discrimination claims brought under Ti-

tle VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq. Gant ex rel. Gant v. Wallingford Bd. of Educ.,* 195 F.3d 134, 146 (2d Cir.1999).

Jenkins attempts to establish a prima facie case of discriminatory intent by introducing evidence that similarly situated white employees were disciplined less severely than she was. As pointed out by the district court, however, no similarly situated white employee received more favorable treatment. The Transit Authority recommended dismissal for each white employee who had exposed passengers to a similar degree of danger. And in each of those cases, the NYCTA meted out the punishment that the arbitration board determined to be appropriate. Jenkins's case was no different. When Jenkins endangered passenger safety by opening the doors on the wrong side of a train berthed in an elevated station, the NYCTA sought to dismiss her. When the arbitrators instead decided that Jenkins should be demoted to "a budgeted available non-safety-sensitive position," the NYCTA assigned her to such a position.

Jenkins complains that the arbitrators' "broadly worded" order permitted the NYCTA to exercise its discretion in a discriminatory manner and demote her two levels, rather than one. Because Jenkins cannot point to any case where the arbitrators gave the NYCTA discretion in disciplining a similarly situated white employee and the NYCTA exercised that discretion in a more favorable manner than it did in Jenkins's case, the presence of discretion alone does not raise an inference of discrimination.

Even if Jenkins succeeded in showing that the circumstances of her demotion gave rise to an inference of discrimination, she sets forth no evidence whatsoever to show that the NYCTA's proffered reason for the double demotion-that Jenkins not only had committed a serious operating violation but also had a poor disciplinary history-was not a legitimate non-discriminatory reason for the NYCTA's actions. A factfinder could not reasonably find that her demotion was attributable to race discrimination.

For the reasons set forth above, the judgment of the District Court for the Southern District of New York is hereby **AFFIRMED.**